# COURT OF APPEALS,

December 12, 1911.

## THE PEOPLE v. ALBERT W. WOLTER.

(203 N. Y. 484.)

(1.) MURDER—WHEN VERDICT OF CONVICTION UNDER COMMON LAW INDICT-
MENT NOT AGAINST WEIGHT OF EVIDENCE.

On review of the evidence on appeal from a judgment convicting
defendant of murder in the first degree, *held*, that no plausible view
of the facts can be suggested in support of the proposition that the
verdict was against the weight of evidence or that justice requires a
new trial so far as the facts are concerned.

(2.) SAME—WHEN PREVIOUS OPINION OR IMPRESSION OF JURORS NOT SUF-
FICIENT GROUND FOR CHALLENGE FOR BIAS.

Where jurors admitted, when examined under challenge, that they
had previously formed an opinion or impression to the effect that a
crime had been committed in the case, but each declared on oath that
he believed such opinion or impression would not influence his verdict
and that he could render an impartial verdict according to the evi-
dence, such previous opinion or impression is not a sufficient ground
of challenge for bias. (Code Crim. Pro., § 376, subd. 2.) Further-
more the defendant was tried by a special jury drawn under chapter
602 of the Laws of. 1901, which provides that the allowance or dis-
allowance of challenges for actual bias shall be final.

(3.) SAME—EVIDENCE.

Under an indictment for murder in the common law form phy-
sicians were properly allowed to testify to the taking of certain mat-
ter from the vagina of the deceased which, upon a microscopic ex-
amination, was found to contain spermatozoa, as bearing not only
upon the motive for the crime, but also as tending to show that the
killing was done while in the perpetration of another crime.

(4.) SAME—CHARGE TO JURY.

The court instructed the jury: "Nor is it necessary that each and
every circumstance should be proved beyond a reasonable doubt.
Some facts may be proved with more, some with less assurance of
certainty." The court refused to charge that, "if any of the material
facts of this case are at variance with the probabilities of guilt it
· would be the duty of the jury to give to the defendant the benefit of
the doubt." *Held*, that neither such charge, nor the refusal, was

harmful to the defendant when followed by the instruction that if on any branch of the case there existed in their minds a reasonable doubt, the defendant was always entitled to the benefit of that reasonable doubt.

(5.) SAME—ABSENCE OF PREMEDITATION WHERE ENGAGED IN COMMISSION OF FELONY.

Under the common law form of indictment the court properly submitted the case to the jury upon the theory that they could convict the defendant of murder in the first degree in the absence of any premeditation or deliberation on his part provided they found that he killed the deceased while engaged in the commission of a felony.

APPEAL from a judgment of the Court of General Sessions of the Peace in the county of New York, rendered April 27, 1910, upon a verdict convicting the defendant of the crime of murder in the first degree.

The facts, so far as material, are stated in the opinion.

*Wallace D. Scott, Alexander Sampson* and *Lewis H. Saper* for appellant. The trial court erred in permitting witnesses to testify as to the finding of spermatozoa in the vagina of the deceased. (People v. Bennett, 49 N. Y. 137; State v. Bertoch, 83 N. W. Rep. 967; People v. Hall, 48 Mich. 482; Abb. Cr. Brief, § 619.) The court erred in its charge to the jury on the subject of the degree of proof that was required in a case where the evidence is circumstantial by giving conflicting charges thereon. (Clair v. People, 9 Col. 122; 1 Starkie on Ev. 501; Comm. v. Webster, 5 Cush. 295; Mackey v. People, 2 Col. 131; People v. Campbell, 30 Cal. 312; Case v. People, 3 Neb. 369; Green v. White, 37 N. Y. 407; Marion v. State, 16 Neb. 349; Leonard v. Territory, 2 Wash. Terr. 381.)

*Charles S. Whitman,* District Attorney (*Robert C. Taylor,* of counsel), for respondent. The evidence showing rape was properly admitted. (Buel v. People, 78 N. Y. 492; People v.

Schermerhorn, 203 N. Y. 57.)   The charge relating to circum-
stantial evidence was proper.   (People v. Koenig, 180 N. Y.
155; People v. Gilbert, 199 N. Y. 10; People v. Tobin, 176 N.
Y. 278.)

WILLARD BARTLETT, J.:

The jurisdiction conferred by the Constitution and the stat-
utes upon the Court of Appeals in cases where the judgment is
of death compels us to examine into the facts upon an appeal of
this character, for, irrespective of any exceptions in the record,
it is made our duty to order a new trial if satisfied that the ver-
dict was against the weight of evidence, or that justice requires
a new trial.   (Code Crim. Proc., § 528.)   In the performance
of this duty, the facts of this shocking case as they appear in the
record of the trial have been most carefully considered and scru-
tinized; but the details of the crime are so horrible as to pre-
clude any restatement of them here further than is absolutely
necessary to a just disposition of the rights of the defendant and
the prosecution.

On the 24th day of March, 1910, at No. 224 East Seventy-
fifth street in the city of New York, Ruth Wheeler, a girl fifteen
years of age, was strangled and burnt to death in an apartment
on the fourth floor, occupied by the defendant.   The girl was
seeking employment as a stenographer, and went to the apart-
ment of the defendant to see him in reference to procuring such
employment.   Portions of her dead body partly incinerated
were subsequently discovered in the area, into which they had
been thrown, under circumstances and in a condition indicating
beyond all reasonable doubt that the girl had come to her death
in the defendant's room by strangulation and burning, after
having been ravished.   The evidence indicated that the burning
was done in the fireplace in the defendant's room, where the
body was concealed until it became convenient to remove it in a
bag to the fire-escape, from which it was subsequently thrown

to the ground below. No witness was produced who ever saw Ruth Wheeler and the defendant together; nor was it made to appear that they had ever met one another prior to the day of her death. The proof, however, points unerringly to the defendant as the perpetrator of the crime. He admits that he wrote the postal card in response to which she set out to visit his apartment; and in a book kept by him was found in his handwriting an entry of her name and address, which it is impossible he could have ascertained except from her on the occasion of her visit. In his fireplace were found a hatpin and ring which Ruth Wheeler had worn on the morning of her disappearance; and in a house to which the defendant had moved on the following day was discovered an umbrella which the girl was known to have had with her when she left home. The defendant gave no explanation to account for the presence of these articles or the traces of homicidal death upon his premises. He testified that he was absent from his apartment from half-past eight o'clock on the morning of March 24, 1910, until three o'clock in the afternoon, and that he had never seen a girl by the name of Ruth Wheeler in his life. He sought to account for the entry of her name in his handwriting in his book by saying that he wrote it there at the dictation of a man named Fred Ahner, who was desirous of starting a school of shorthand and told him that he was going to engage this girl — in what capacity does not appear. Fred Ahner was not produced as a witness, nor did any one else testify to the existence of such a person. A shirt belonging to the defendant upon which were stains of blood and grease was found in a package which had been thrown from the fire-escape into the area with the bag containing Ruth Wheeler's remains; but the defendant, although admitting that the garment was his, was unable to account for the presence of these stains upon it. That Ruth Wheeler was ravished and killed in the defendant's apartment on Thursday, March 24, 1910, is a fact which does not admit of the slightest doubt upon the proof

in this case; and I think that the jury were warranted by the circumstantial evidence in reaching the conclusion that the defendant was the ravisher and murderer. No plausible view of the facts can be suggested in support of the proposition that the verdict was against the weight of evidence or that justice requires a new trial so far as the facts are concerned. It remains for us, therefore, only to consider the questions of law raised by the appeal.

The brief in behalf of the appellant consists of 167 printed pages, 152 of which are devoted to a restatement of the evidence given by the several witnesses upon the trial. The record shows that 160 exceptions were taken by the counsel for the defendant to the rulings of the trial judge in admitting and excluding evidence. Only one group of these exceptions is argued in his brief. It is urged that the court erred in permitting Dr. Philip F. O'Hanlon and Dr. John H. Larkin to testify to the taking of certain matter from the vagina of the deceased which upon a microscopic examination was found to contain spermatozoa. This evidence was clearly relevant and material as bearing not only upon motive for the crime of murder but also as tending to show that the killing was done while in the perpetration of another crime. This was proper under the indictment, which was in the common-law form. (People v. Sullivan, 173 N. Y. 122, and cases there cited.)

The four other points in the brief for the defendant relate to the charge to the jury. As to these points it is to be noted in the first place that no exception whatever was taken to the charge or to any refusal to charge as requested. Inasmuch, however, as it is within our power to order a new trial if satisfied that substantial legal error was committed, even in the absence of any exception, it is necessary to consider these criticisms of counsel upon the instructions to the jury. The principal objection relates to the remarks of the court in reference to circumstantial evidence. Among other things the learned trial judge

said: " Nor is it necessary that each and every circumstance should be proved beyond a reasonable doubt. Some facts may be proved with more, some with less assurance of certainty." It is argued that this instruction was misleading because the trial judge failed to explain that the circumstances to which he referred were merely minor and subsidiary or collateral circumstances and not those essential to a conviction.

We think the jury could not have been misled by this language in view of the explanation and qualifications by which it was accompanied. " If, however, on any branch of the case," said the trial judge to the jury, " there exists in your mind a reasonable doubt, the defendant is always entitled to the benefit of that reasonable doubt." As was said by Vann, J., in People v. Tobin (176 N. Y. 278, 288), the court did not mean " that every circumstance constituting a link in the chain of circumstances necessary to establish the fact of killing by the defendant need not be proved beyond a reasonable doubt, but that every incidental circumstance, such as those bearing upon the probabilities that the main circumstances were true, * * * need not be proved beyond a reasonable doubt."

The third, fourth and fifth points of the brief for the defendant assail the propriety of the action of the trial court in submitting the case to the jury upon the theory that they could convict the defendant of murder in the first degree in the absence of any premeditation or deliberation on his part provided they found that he killed the deceased while engaged in the commission of a felony. As has already been stated, a conviction on this theory was permissible under the indictment, which was in the common-law form.

In his oral argument counsel for the defendant urged upon us two propositions which are not mentioned in his printed brief. The first was that error was committed in permitting certain jurors to be sworn and try the case each of whom had admitted when examined under challenge that he had previously formed

an opinion or impression to the effect that a crime had been committed in the case of Ruth Wheeler. Every one of those jurors, however, declared on oath that he believed such opinion or impression would not influence his verdict and that he could render an impartial verdict according to the evidence. Section 376, subd. 2, of the Code of Criminal Procedure provides that the previous expression or formation of an opinion or impression in reference to the guilt or innocence of the defendant, or a present opinion or impression in reference thereto, is not a sufficient ground of challenge for actual bias, to any person otherwise legally qualified, if he declare on oath that he believes that such opinion or impression will not influence his verdict and that he can render an impartial verdict according to the evidence, and the court is satisfied that he does not entertain such a present opinion or impression as will influence his verdict. The jurors in question made the sworn declaration prescribed by this statutory provision which was originally introduced into our law in slightly different form in 1872, to prevent the continued disqualification of intelligent citizens from serving on juries in criminal cases. The action of the trial judge in overruling the challenge in each instance was equivalent to a decision in so many words that the court was satisfied that the juror did not entertain such a present opinion or impression as would influence his verdict. This is ordinarily conclusive upon us except in cases where the declaration of the juror as to his ability to decide the issue uninfluenced by his impression or opinion is so equivocal and uncertain as to constitute cause for the rejection of the proposed juror as matter of law. (See People v. McQuade, 110 N. Y. 284, 301.) Here the declarations amply satisfied the requirements of the statute. Indeed, the present contention of the defendant's counsel that the court compelled the defendant to go to trial before a prejudiced jury is difficult to reconcile with the statement to the presiding judge at the conclusion of the case that

they considered he had given them " an absolutely fair and impartial trial." With this former view we quite agree.

With reference to the qualifications of the jurors it is furthermore to be observed that the defendant was tried by a special jury drawn under chapter 602 of the Laws of 1901, which provides that the allowance or disallowance of challenges for actual bias shall be final. This provision was pronounced constitutional by this court in People v. Dunn (157 N. Y. 528).

The trial judge refused to charge the first request in behalf of the defendant — apparently without reading it to the jury. That request was in these words: " If any of the material facts of this case are at variance with the probabilities of guilt it would be the duty of the jury to give to the defendant the benefit of the doubt." The request was evidently an extract from the opinion of Gray, J., in the case of People v. Harris (136 N. Y. 423, 428), where that learned judge was discussing the reluctance which often exists to act upon circumstantial evidence. In the course of the discussion, contrasting the two sorts of proof, he said: " Purely circumstantial evidence may be often more satisfactory and a safer form of evidence; for it must rest upon facts, which, to prove the truth of the charge made, must collectively tend to establish the guilt of the accused. For instance, if any of the material facts of the case were at variance with the probabilities of guilt, it would be the duty of the jury to give to the defendant the benefit of the doubt raised." This remark was made *arguendo* and its meaning and scope cannot fairly be understood without reference to what preceded and followed it. It was not an attempt to state a proposition of law for the guidance of laymen sitting upon a jury; and taken alone and without the context was insufficient to be of any assistance to the jury in the present case in reaching a just and proper verdict. The refusal of the court, therefore, to instruct the jury in these precise words did not constitute an error of law and in any event

cannot have been harmful to the defendant, in view of the fact already mentioned that subsequently in the course of the charge the trial judge expressly told the jury that if on any branch of the case there existed in their minds a reasonable doubt the defendant was always entitled to the benefit of that reasonable doubt.

The defendant was fairly tried and justly convicted and the judgment should be affirmed.

CULLEN, Ch. J., GRAY, HAIGHT, VANN, WERNER and CHASE, JJ., concur.

Judgment of conviction affirmed.